IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JOYCE E. DELPH, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. AW-07-0326 |
| ALLSTATE HOME MORTGAGE, INC., | * |
| Defendant. | * |

**********************************************************************

## MEMORANDUM OPINION

This case was originally filed in the Circuit Court for Montgomery County, Maryland on January 3, 2007. On February 2, 2007, Defendant Allstate Home Mortgage, Inc. ("Allstate" or "Defendant") removed the case to this Court citing three bases for removal: 1) diversity jurisdiction pursuant to 28 U.S.C. § 1332; 2) joinder of all claims related to one properly before the court based on federal question (*i.e.*, 28 U.S.C. § 1441(c)); and 3) supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Currently before the Court is a Motion to Remand (Paper No. 10) filed by Plaintiff Joyce E. Delph ("Delph" or "Plaintiff"). The Court has reviewed the pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated more fully below, the Court will grant Plaintiff's Motion to Remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brings this action against Defendant seeking relief from the alleged predatory lending practices of Allstate in the brokering of a mortgage loan to Plaintiff. Plaintiff has alleged several theories of recovery: 1) Count One: Violation of the Maryland Finders Fee Act; 2) Count Two: Violation of the Maryland's Consumer Protection Act; 3) Count Three: Negligent Misrepresentation; 4) Count Four: Negligent Hiring or Retention; and 5) Count Five: Restitution and

1

Unjust Enrichment. The Civil Intake Sheet filed with Plaintiff's Complaint in the Circuit Court for Montgomery County, Maryland estimated the value of this case to be in the range of $7,500 to $50,000. On the face of the Complaint, Plaintiff seeks recovery of direct fees or commissions in the amount of $11,950.65, plus treble damages, punitive damages, attorneys' fees, and other equitable relief. Defendant argues that these claims appear to exceed the $75,000 jurisdictional amount.

## STANDARD OF REVIEW

When a defendant removes an action originally filed in state court to federal court, "significant federalism concerns" are raised. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Therefore, removal jurisdiction must be strictly construed. *Id.* In *Link Telecomms., Inc. v. Sapperstein*, 119 F. Supp. 2d 536 (D. Md. 2000), Judge Alexander Harvey of this Court described the inquiry as such:

> At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction. Federal courts possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Sapperstein*, 119 F. Supp. 2d at 538-39 (internal citations omitted); *see also Mulcahey*, 29 F.3d at 151 (holding that "the burden of establishing federal jurisdiction is placed upon the party seeking removal" (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921))). Whenever "federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151.

## ANALYSIS

At the outset, the Court must note that Defendant's jurisdictional arguments with respect to 28 U.S.C. §§ 1441(c) and 1367 have no merit. Plaintiff's claims neither arise out of federal law nor invoke any type of federal question. Rather, Plaintiff's claims arise under Maryland state statutes

2

and state common law. Defendant's contention that this mortgage broker fee case raises a federal question is wholly unsupported by the record. Therefore, the only possible basis for federal jurisdiction over this case is pursuant to 28 U.S.C. § 1332.

Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Here, there is no dispute that the parties are of diverse citizenship. The parties dispute whether the amount in controversy meets the jurisdictional minimum. Although the Civil Intake Sheet filed with Plaintiff's Complaint in the Circuit Court for Montgomery County, Maryland estimated the value of this case to be in the range of $7,500 to $50,000, Defendants argue that "the aggregate potential damages exceeds $75,000." Def.'s Opp'n to Pl.'s Mot. to Remand at 3. In support of this argument, Defendant posits that

> [b]etween the relief sought in all five counts; the potential for trebling damages under the Consumer Sales Practices Act and separately under the Maryland Finder's Fee Act; the interest reimbursement requested over the life of the mortgage; the attorneys' fees; the pre-judgment interest; post-judgment interest; and potential for statutory penalties as well as the potential for punitive damages awarded for fraudulent misconduct alleged throughout the Complaint, the amount in controversy could exceed $75,000.

*Id.* Although Defendant seems to include pre and post judgment interest in its aggregate amount calculation, the language of the diversity jurisdiction statute makes clear that the jurisdictional minimum is *exclusive* of interest and costs. *See* 28 U.S.C. § 1332. Therefore, the Court will confine its inquiry to the specific amounts alleged by Plaintiff, along with potential treble damages, punitive damages, and attorneys' fees.

The Fourth Circuit has not determined the exact standard to be applied in ascertaining the amount in controversy in diversity cases. *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506,

509 n.2 (D. Md. 2002). However, this Court has reasoned that

> [i]n determining whether an amount in controversy is sufficient to confer jurisdiction, courts apply one of two legal standards depending on whether the damages are specified or unspecified in the complaint. Where a plaintiff claims a specific amount in damages that is less than $ 75,000, removal is proper only if the defendant can prove to a legal certainty that the plaintiff would actually recover more than that if she prevailed. If, on the other hand, a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

*Momin*, 205 F. Supp. 2d at 509-10 (internal citations omitted).

In this case, Plaintiff has alleged a specific damages amount of $11,950.65. This amount is clearly below the jurisdictional minimum. Further, at the time of filing this case, Plaintiff estimated the value of this case to be no more than $50,000. Since, Plaintiff has claimed a specific amount of damages, the burden is on Defendant to show a legal certainty that Plaintiff's claims exceed the jurisdictional minimum. Defendant has not met its burden. Although Plaintiff has also requested treble damages, punitive damages, and attorneys' fees, Defendant has done nothing more than argue that the damages could potentially exceed $75,000. This falls far short of the high burden of legal certainty. Even if Delph prevails on her Maryland Finder's Fee Act claim, treble damages would only add up to $35,851.95. In addition, although Plaintiff has alleged five theories of recovery, Plaintiff cannot receive separate damages on all five theories.[1]

Even if the less stringent preponderance of the evidence standard is applied, Allstate has failed to meet its burden. While it is true that Plaintiff may *potentially* recover more than $75,000 in the aggregate, Allstate has not proven this by a preponderance of the evidence. Allstate's arguments, particularly with respect to attorneys' fees and punitive damages, do not establish any

---

[1] This is especially true with respect to Plaintiff's common law claims.

specific amount Allstate believes Plaintiff may recover. Instead, Defendant speculates that the amount could exceed the jurisdictional minimum. "A speculative argument regarding the potential value of the award is insufficient." *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (D. Cal. 1998). In light of Defendant's failure to meet its burden, coupled with this Court's charge to remand the case whenever federal jurisdiction is doubtful, the Court must grant Plaintiff's motion to remand.

## **CONCLUSION**

For the reasons stated above, the Court will grant Plaintiff's Motion to Remand (Paper No. 10). An Order consistent with this opinion will follow.

|  |  |
|---|---|
| March 21, 2007 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |

5